UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRANDI TURNER, an individual,
THE ESTATE OF T'YONNA MAJOR
and THE ESTATE OF DYLAN LYONS

    Plaintiffs,

CASE NO: 6:25-cv-00252-PGB-UAM

vs.

DEPUTY JOHN DOE, an individual,
JOHN MINA, in his official capacity
as Sheriff of Orange County,

    Defendants.
_____/

### PLAINTIFFS' RESPONSE TO DEFENDANT JOHN MINA'S MOTION TO DISMISS AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

COME NOW, Plaintiffs, BRANDI TURNER (hereinafter "Brandi Turner"), THE ESTATE OF T'YONNA MAJOR (hereinafter "T'Yonna Major"), and THE ESTATE OF DYLAN LYONS (hereinafter "Dylan Lyons"), by and through their undersigned counsel, and hereby file this Response to Defendant John Mina's Motion to Dismiss Amended Complaint, as follows:

**I.    STANDARD OF REVIEW**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Corcel Corp. v. Ferguson Enters.*, 551 Fed. Appx. 571 (11th Cir. Fla. 2014) citing; *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)

1

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)); *see also, Jackson v. Okaloosa County, Fla.,* 21 F.3d 1531, 1534 (11th Cir. 1994). The plausibility standard is met where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court must draw the facts from the Complaint, accept those facts as true, and construe them in the light most favorable to the plaintiff. *Butler v. Sheriff of Palm Beach County*, 2012 U.S. App. LEXIS 13844 (11th Cir. Fla. July 6, 2012); citing *Lanfear v. Home Depot, Inc.*, 679 F.3d 1267, 1271(11th Cir. 2012). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Butler, supra,* at \*8-9.

For the purposes of the Motion to Dismiss, the Court must view the allegations of the Amended Complaint in the light most favorable to the Plaintiffs, must consider the allegations of the Complaint as true, and must accept all reasonable inferences therefrom. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S.Ct. 1955, 1969 (2007). Consideration of the Defendant's claim of qualified immunity is governed by the Supreme Court's decision in *Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808 (2009). Generally speaking, a plaintiff must show that the conduct of a government official violated his constitutional rights and that the right was

clearly established under the law in effect at the time of the violation. *Id.*; *see also, Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010).

While there is a public policy interest in resolving qualified immunity defenses early in the litigation, it is often the case that immunity cannot be decided at the motion to dismiss stage. This is so because the requirement that the Court accept all of the plaintiff's allegations as true for purpose of the motion prevents the resolution of factual disputes that often underlie the immunity.

## II. MEMORANDUM OF LAW IN OPPOSITION TO DEFENANT JOHN MINA'S MOTION TO DISMISS AMENDED COMPLAINT

### A. Personal Representatives for the Estate of T'Yonna Majors and for the Estate of Dylan Lyons[1]

On April 28, 2025, Plaintiffs filed their First Amended Complaint and attached Orders Appointing Personal Representative, and showing that Brandi Turner-Majors had been appointed as the Personal Representative for the Estate of T'Yonna Majors; Dylan Lyons was appointed the Personal representative for the Estate of Gary Lyons. *See* Orders Appointing Personal Representative, attached as Exhibits "A" and "B" to the First Amended Complaint [Doc. 21]. While they are identified in paragraphs 11 & 12 of the First Amended Complaint as the Personal Representatives for the two involved Estates, they need to be included in the style as the Personal Representatives of the two Estates. As such, Plaintiffs would request that as part of the Court's Order on this pending motion, the Court allow

---

[1] Defendant's arguments for this issue can be found in Defendant Mina's Motion to Dismiss Amendment Complaint, pp.6-7.

3

Plaintiffs the ability to make any necessary amendments to the amended complaint.

### B. Deputy Doe is not Entitled to Qualified Immunity on Counts I and II[2]

"Qualified immunity protects from civil liability government officials who perform discretionary functions if the conduct of the officials does not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Nolin v. Isbell*, 207 F.3d 1253, 1255 (11th Cir.2000) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). To be entitled to qualified immunity, an official must first establish that his conduct was within the scope of his discretionary authority. *See Webster v. Beary*, 228 F. App'x 844, 848 (11th Cir.2007) (per curiam). If the official satisfies this threshold burden, the burden shifts to Plaintiffs to demonstrate that qualified immunity is not appropriate using the two prong test established by the Supreme Court in *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). The first inquiry is, taken in the light most favorable to the non-moving party, "do the facts alleged show the officer's conduct violated a constitutional right?" *Id.; see also Beshers v. Harrison*, 495 F.3d 1260, 1265 (11th Cir.2007) (quoting *Scott v. Harris*, 550 U.S. 372, 377, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007)). If the Court finds a violation of a constitutional right has been alleged based on the Plaintiff's version of the facts, then the next question is whether the right was clearly

---

[2] Defendant's arguments for this issue can be found in Defendant Mina's Motion to Dismiss Amendment Complaint, pp.7-13.

4

established at the time of the violation. *Saucier*, 533 U.S. at 201; *Scott*, 550 U.S. at 377; *Lee v. Ferraro,* 284 F.3d 1188, 1200 (11th Cir. 2002). *See also, H & J Land Investments, Inc. v. City of Jacksonville*, ___ F.Supp.3d ___, *3-4 (M.D. Fla. 2014).

In this section, Plaintiffs believe they need to make a few revisions/amendments to the current Complaint to add in allegations to show Plaintiffs' constitutional rights. When this Court renders its order, Plaintiffs would request that they be given some time to make last amendments.

### C.  Substantive Due Process Right

Defendant argues that Plaintiffs have omitted necessary language in Count IV of the Amended Complaint in order to state a cause of action. As such, when this Court renders its order, Plaintiffs would request that they be given some time to make final amendments.

### D.  Counts III & IV[3]

Plaintiffs bring Count III and IV under the equal protection clause. Defendant argues that Plaintiffs omit needed information in order to allege the subject policy, pattern or practice. Additionally, Defendant argues that Plaintiffs need to allege instances of disparate treatment.

### E.  Count V[4]

---

[3] Defendant's arguments for this issue can be found in Defendant Mina's Motion to Dismiss Amendment Complaint, pp.13-18
[4] Defendant's arguments for this issue can be found in Defendant Mina's Motion to Dismiss Amendment Complaint, pp.19-24

To the extent Plaintiffs need to amend the First Amended Complaint, we would simply request that in this Court's Order on the pending motion, allow some amount of time for final amendments.

### F.     Counts VI and VII[5]

Defendants maintain that Plaintiffs need similar allegations as for Counts III & IV.  Plaintiffs wish to review the current Amended Complaint allegations again make any subtle or glaring amendments.

### F.     Count VIII States a Viable Cause of Action for Negligence against Sheriff Mina

Count VIII is viable because the Defendant undertook an act which created a foreseeable zone of risk, and thus establishing a common-law duty of care.  In this situation, the law generally recognizes a duty placed upon the defendant either to lessen the risk or see that sufficient precautions are taken to protect others from the harm the risk poses.  *Wallace v. Dean*, 3 So.3d 1035, 1049 (Fla. 2009).  Courts have long adhered to the common-law doctrine that:

> [i]n every situation where a man undertakes to act, or to pursue a particular course, he is under an implied legal obligation or duty to act with reasonable care, to the end that the person or property of others may not be injured by any force which he sets in operation, or by any agent for which he is responsible. If he fails to exercise the degree of caution which the law requires in a particular situation, he is held liable for any damage that results to another, just as if he had bound himself by an obligatory promise to exercise the required degree of care.... [E]ven "where a man interferes gratuitously, he is bound to act in a reasonable and prudent manner according to the circumstances and opportunities of the case."

---

[5] Defendant's arguments for this issue can be found in Defendant Mina's Motion to Dismiss Amendment Complaint, pp.18-19.

6

*Banfield v. Addington,* 104 Fla. 661, 140 So. 893, 896 (1932) (citations omitted)(emphasis supplied); *Wallace, supra* at 1050. More succinctly put, one who undertakes to act, even when under no obligation to do so, thereby becomes obligated to act with reasonable care. *See Slemp v. City of North Miami*, 545 So.2d 256, (Fla.1989).

In the instant matter and as alleged in the Amended Complaint, on February 22, 2023, at approximately 11am, Keith Moses shot and killed Nathacha Augustin in Pine Hills. Mr. Moses was identified by an eye witness to the shooting and fled. The Orange County Sheriff's Office showed up in less than 20 minutes and cleared the crime scene in 4 hours. During that time, deputies provided no information about the suspect at large. After Plaintiff retrieved her young daughter from school at about 2pm, they drove upon. Upon arrival, Ms. Turner inquired of Deputy John Doe why he was positioned at the entrance of the neighborhood. The Deputy responded, "Everything is under control." His affirmative statement was not simply neutral. Rather, it specifically conveyed the meaning to Ms. Turner that the danger had been eliminated and that she and her family were not in danger of harm by that prior danger. With that assurance, Ms. Turner returned home with her daughter and even left her backdoor unlocked. Mr. Moses entered Ms. Turner's home later on that same date, shooting and killing Ms. Turner's daughter, and then shooting Mr. Turner.

Here, Deputy John Doe undertook and carried out the task of providing information to Ms. Turner about the investigation of Mr. Moses. By performing

7

that task, he became obligated to act reasonably. But Deputy Doe did not act in a reasonable manner. He provided incomplete and misleading information that placed Ms. Turner and her daughter in a foreseeable zone of risk, which risk Deputy Doe took little to prevent.

### III. CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss the Amended Coompalint should be denied.

**WHEREFORE**, Plaintiffs, Brandi Turner, the Estate of T'Yonna Major, and the Estate of Dylan Lyons, respectfully request this Court to dney Defendant's Motion to Dismiss the Amended Complaint.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed this 12th day of June 2025, using the CM/ECF portal filing system which will send an electronic copy of the foregoing to all counsel of record.

Dated: June 12, 2025

/s/ Richard W. Smith
Richard W. Smith, Esq.
Florida Bar Number 0013943
DeLayne Penland, Esquire
Florida Bar Number: 1024836
Ryan J. Vescio, Esquire
Florida Bar Number: 14032
Mark E. NeJame, Esquire
Florida Bar Number: 310931
NEJAME LAW, P.A
111 N. Orange Ave., Ste. 1300
Orlando, FL 32801
PH: (407) 500-0000
F:   (407) 802-1448
delayne@nejamelaw.com
ryan@nejamelaw.com
mark@nejamelaw.com

        richard@nejamelaw.com
        PI@nejamelaw.com
        *Attorney(s) for Plaintiffs*

**RESPECTFULLY** submitted this 12th day of June 2025.

*/s/ Richard W. Smith__*
**Mark E. NeJame, Esq.**
Florida Bar Number: 310931
**Ryan J. Vescio, Esq.**
Florida Bar No. 14032
**DeLayne Penland, Esq.**
Florida Bar Number: 1024836
**Richard W. Smith, Esq.**
Florida Bar No. 0013943
**NEJAME LAW, P.A**
111 N. Orange Avenue, Suite 1300
Orlando, FL 32801
PH: (407) 500-0000
F: (407) 802-1448
mark@nejamelaw.com
ryan@nejamelaw.com
delayne@nejamelaw.com
richard@nejamelaw.com
PI@nejamelaw.com
*Attorney(s) for Plaintiffs*