## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**BRANDI TURNER, THE
ESTATE OF T'YONNA MAJOR
and THE ESTATE OF DYLAN
LYONS,**

          **Plaintiffs,**

**v.**                                **Case No: 6:25-cv-252-PGB-NWH**

**DEPUTY JOHN DOE and JOHN
MINA,**

          **Defendants.**

_____/

## <u>ORDER</u>

This cause comes before the Court upon Defendant John Mina's ("**Defendant Mina**") Motion to Dismiss Amended Complaint. (Doc. 23 (the "**Motion**")). Plaintiffs Brandi Turner, The Estate of T'Yonna Major, and The Estate of Dylan Lyons (collectively, the "**Plaintiffs**") filed a response in opposition. (Doc. 28 (the "**Response**")). Upon due consideration, Defendant Mina's Motion is granted.

## I.    BACKGROUND

Plaintiffs initiated this action against Defendant Mina and Defendant Deputy John Doe on February 17, 2025. (Doc. 1). Plaintiffs filed an Amended Complaint on April 28, 2025. (Doc. 21).

In the Amended Complaint, Plaintiffs pursue eight counts arising from the deaths of T'Yonna Major and Dylan Lyons. (*Id.*). Defendant Mina filed the instant Motion to Dismiss, Plaintiffs filed a response in opposition, and the matter is thus ripe for review. (Docs. 23, 28).

## II.    STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Thus, to survive a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The court must view the complaint in the light most favorable to the plaintiff and must resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994) (per curiam). However, though a complaint need not contain detailed factual allegations, pleading mere legal conclusions, or "a formulaic recitation of the elements of a cause of action," is not enough to satisfy the plausibility standard. *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," and the court is "not bound to accept as true a legal conclusion

couched as a factual allegation." *Iqbal*, 556 U.S. at 679; *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In sum, the court must: reject conclusory allegations, bald legal assertions, and formulaic recitations of the elements of a claim; accept well-pled factual allegations as true; and view well-pled allegations in the light most favorable to the plaintiff. *Iqbal*, 556 U.S. at 678–79.

## III.  DISCUSSION

In the Motion, Defendant Mina seeks dismissal of all eight counts on various grounds. (Doc. 23). In the Response, Plaintiffs present little to no argument to oppose the Motion. (*See* Doc. 28).

Notably, as to Counts I through VII, Plaintiffs explicitly concede that amendments are necessary to rectify the several deficiencies in the Amended Complaint. (*See id.* at pp. 1–6). Considering Plaintiffs' concession and lack of opposition, the Motion is subject to treatment as unopposed as to Counts I through VII. *See Coal for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1326 (11th Cir. 2000) ("[A] claim may be considered abandoned when the allegation is included in the plaintiff's complaint, but [the plaintiff] fails to present any argument concerning this claim to the district court." (citation omitted)); *see Gomez v. Miami-Dade County*, 563 F. Supp. 3d 1211, 1218 (considering several of defendants' arguments for dismissal as "conceded" due to plaintiff's "nonresponsiveness"); *see also* Local Rule 3.01(b) (requiring a party to include a legal memorandum, as defined by Local Rule 1.01(d)(10), in their

response to a motion). As such, Counts I through VII are dismissed without prejudice.

The only substantive argument present in Plaintiffs' Response pertains to Count VIII. (Doc. 28, pp. 6–8). In Count VIII, Plaintiffs pursue unspecified "consolidated claims" against Defendant Mina under Florida Statute § 768.28(9)(a). (Doc. 21, ¶¶ 141–46). However, § 768.28(9)(a) governs Florida's waiver of sovereign immunity in tort actions, and thus, Plaintiffs must "plead and prove a recognized cause of action against [Defendants] under the state's established principles of tort law in order to recover." *See Welsh v. Metropolitan Dade County*, 366 So. 2d 518, 521 (Fla. 3d DCA 1979). Here, Plaintiffs merely cite to § 768.28(9)(a) without specifying the underlying tort to support Count VII.[1] (Doc. 21, ¶¶ 141–46). Plaintiffs seemingly acknowledge this deficiency in their Response, in which they attempt to reconstrue their unspecified claim as one of negligence. (*See* Doc. 28, pp. 6–8). Nonetheless, Plaintiffs may not amend their Amended Complaint through argument in response to a dispositive motion. *See Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004). As such, Count VIII is also dismissed without prejudice.

---

[1] Moreover, the Amended Complaint fails to include any factual allegations to support Count VIII. (Doc. 21, ¶¶ 141–46). Instead, the Amended Complaint recites a series of legal authorities related to § 768.28(9)(a). (*Id.*). The Court advises Plaintiffs to avoid relying upon conclusory allegations and bald legal assertions in their second amended complaint. *See Iqbal*, 556 U.S. at 678–79.

Ultimately, Defendant Mina's Motion is granted, and repleader is required to rectify the deficiencies in Plaintiffs' Amended Complaint.[2]

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.    Defendant John Mina's Motion to Dismiss Amended Complaint (Doc. 23) is **GRANTED**.

2.    The Amended Complaint (Doc. 21) is **DISMISSED WITHOUT PREJUDICE**. On or before **August 28, 2025**, Plaintiffs shall file their second amended complaint in compliance with this Order and all applicable rules and law. Failure to timely comply with this Order and file a second amended complaint will result in the dismissal of this action without further notice.

**DONE AND ORDERED** in Orlando, Florida on August 18, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

---

[2]    The Court highlights that Plaintiffs have yet to identify Defendant Deputy John Doe. (*See* Docs. 21, 29). To the extent Plaintiffs seek to maintain their claims against Defendant Deputy John Doe, Plaintiffs *must* identify John Doe in the second amended complaint. *See Smith v. Comcast Corp.*, 786 F. App'x 935, 939 (11th Cir. 2019) ("Our caselaw generally forbids fictitious-party pleading—that is, claims against fictitious or non-existent parties are usually dismissed." (citing *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam))); *see also Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive.").

Copies furnished to:

Counsel of Record
Unrepresented Parties