UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRANDI TURNER, an individual,
THE ESTATE OF T'YONNA MAJOR,
and THE ESTATE OF DYLAN LYONS

    Plaintiffs,

vs.                                       CASE NO: 6:25-cv-00252-PGB-NWH

DEPUTY JOHN DOE, an individual,
JOHN MINA, in his official capacity
as Sheriff of Orange County,

    Defendants.
_____/

## PLAINTIFFS' MOTION FOR EXTENSION TO FILE SECOND AMENDED COMPLAINT

    Plaintiffs, BRANDI TURNER, THE ESTATE OF T'YONNA MAJOR , and THE ESTATE OF DYLAN LYONS, by and through the undersigned counsel and pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, respectfully moves for an extension of time to file the Second Amended Complaint, and in support thereof states as follows:

    1.    On August 18, 2025, the Court granted Defendant John Mina's Motion to Dismiss Amended Complaint and Plaintiffs' Amended Complaint was dismissed without Prejudice. [Dkt. 33]. The Court ordered that Plaintiffs file a Second

1

Amended Complaint including the identity of Defendant Deputy John Doe, on or before August 28, 2025.

2. As mentioned in Plaintiffs' Response to Order to Show Cause filed on July 16, 2025, a public records request made to the Orange County Sheriff's Office on February 3, 2025, Plaintiffs sought the CAD report and investigation reports related to the incident subject to this litigation. This request was made in effort to determine the identities of Orange County Sheriff Personnel who responded to the scene of the incident subject to this litigation. [Dkt. 31].

3. On July 22, 2025, Plaintiffs served their First Request for Production to Defendant Sheriff Mina, which included requests including those outlined above in Paragraph 2.

4. On August 25, 2025, Plaintiffs received Defendant Sheriff Mina's responses to the discovery requests including the CAD report identifying all the deputies who responded to the scene related to the incident subject to this litigation.

5. Plaintiffs require additional time to thoroughly review and analyze the discovery responses, which contain material relevant to the identification of Defendant Deputy John Doe.

6. Plaintiffs respectfully request an extension through September 29, 2025, to complete this review and file the Second Amended Complaint.

7. This motion is made in good faith and not for the purpose of undue delay. No party will be unduly prejudiced by this extension.

8. Counsel for Plaintiffs has conferred with Counsel for Defendant Sheriff John Mina and Defendant objects to the requested thirty (30) day extension, but has no objection to a twenty (20) day extension.

**WHEREFORE**, Plaintiffs respectfully request an order extending the Deadline to file Second Amended Complaint.

## MEMORANDUM OF LAW

Pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time" if the request is made prior to expiration of the deadline.

Here, good cause exists to allow for extension of the deadline. Plaintiffs have made reasonable efforts to identify Defendant John Doe through discovery, and thorough review of same is required to properly identify Defendant John Doe in Plaintiffs' Second Amended Complaint. Names of twenty-four (24) male deputies are listed on the CAD report. Plaintiff Brandi Turner is confident she can identify the deputy via photograph, however, Plaintiffs require sufficient time to gather the requisite identification for Plaintiff Turner to review. As such, the thirty (30) day extension in reasonable.

## LOCAL RULE  3.01(g) CERTIFICATION

Undersigned counsel certifies that on August 26, 2025, pursuant to Local Rule 3.01(g), she conferred with Brian F. Moes, Esquire, counsel for the Defendant Sheriff Mina, via electronic mail. Defendant Sheriff Mina objects to Plaintiffs' requested thirty (30) day extension, but has no objection to a twenty (20) day extension for Plaintiffs to file their Second Amended Complaint.

Respectfully submitted,

Dated: August 26, 2025

*/s/ DeLayne D. Penland*
Richard W. Smith, Esquire
Florida Bar Number: 13943
Ryan J. Vescio, Esquire
Florida Bar Number: 14032
Mark E. NeJame, Esquire
Florida Bar Number: 310931
DeLayne D. Penland, Esquire
Florida Bar Number: 1024836
NEJAME LAW, P.A
111 N. Orange Ave., Ste. 1300
Orlando, FL 32801
PH: (407) 500-0000
F:   (407) 802-1653
richard@nejamelaw.com
ryan@nejamelaw.com
mark@nejamelaw.com
delayne@nejamelaw.com
PI@nejamelaw.com
*Attorney(s) for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I certify that on August 26, 2025, the foregoing was filed electronically and that it is available for viewing and downloading on the Court's CM/ECF filing system, which sent notification of such filing to counsel for Defendant:

BRIAN F. MOES, ESQ.
Florida Bar No.: 39403
moes@debevoisepoulton.com
G. RYAN DIETRICH, ESQ.
Florida Bar No.: 1007940
dietrich@debevoisepoulton.com
DeBEVOISE & POULTON, P.A.
1035 S. Semoran Boulevard, Suite 1010
Winter Park, Florida 32792
Telephone: 407-673-5000
Facsimile: 321-203-4304
*Attorneys for Defendant John Mina*