UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRANDI TURNER, individually, and
As the Personal Representative for the
Estate of T'Yonna Major, and GARY
LYONS as the Personal Representative
For the Estate of Dylan Lyons,

    Plaintiffs,

CASE NO: 6:25-cv-00252-PGB-UAM

vs.

JACKSON B. KEYES, an individual,
And JOHN MINA, in his official capacity
as Sheriff of Orange County,

    Defendants.
_____/

## PLAINTIFFS' RESPONSE TO DEFENDANT JACKSON B. KEYES' MOTION TO DISMISS SECOND AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

COME NOW, Plaintiffs, BRANDI TURNER individually and as the Personal Representative for the Estate of T'Yonna Major, and GARY LYONS, as the Personal Representative for the Estate of Dylan Lyons, by and through their undersigned counsel, and hereby file this Response to Defendant Jackson B. Keyes' Motion to Dismiss Second Amended Complaint, as follows:

### I. INTRODUCTION

Plaintiffs have filed their Second Amended Complaint alleging two (2) counts against Jackson B. Keyes, individually, as follows:

1

Count I – Jackson B. Keyes' Violation of Brandi Turner's Civil Rights Under the Fourteenth Amendment's Substantive Due Process Clause; and

Count II - Jackson B. Keyes' Violation of T'Yonna Major's Civil Rights Under the Fourteenth Amendment's Substantive Due Process Clause.

Defendant Jackson B. Keyes has moved to dismiss both counts.

## II. STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Corcel Corp. v. Ferguson Enters.*, 551 Fed. Appx. 571 (11th Cir. Fla. 2014) citing; *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)); *see also, Jackson v. Okaloosa County, Fla.,* 21 F.3d 1531, 1534 (11th Cir. 1994). The plausibility standard is met where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court must draw the facts from the Complaint, accept those facts as true, and construe them in the light most favorable to the plaintiff. *Butler v. Sheriff of Palm Beach County*, 2012 U.S. App. LEXIS 13844 (11th Cir. Fla. July 6, 2012); citing *Lanfear v. Home Depot, Inc.*, 679 F.3d 1267, 1271 (11th Cir. 2012). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Butler, supra,* at *8-9.

For the purposes of the Motion to Dismiss, the Court must view the allegations of the Second Amended Complaint in the light most favorable to the Plaintiffs, must consider the allegations of the Complaint as true, and must accept all reasonable inferences therefrom. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S.Ct. 1955, 1969 (2007). Consideration of the Defendant's claim of qualified immunity is governed by the Supreme Court's decision in Pearson v. Callahan, 555 U.S. 223, 129 S.Ct. 808 (2009). Generally speaking, a plaintiff must show that the conduct of a government official violated his constitutional rights and that the right was clearly established under the law in effect at the time of the violation. Id.; see also, Keating v. City of Miami, 598 F.3d 753, 762 (11th Cir. 2010).

While there is a public policy interest in resolving qualified immunity defenses early in the litigation, it is often the case that immunity cannot be decided at the motion to dismiss stage. This is so because the requirement that the Court accept all of the plaintiff's allegations as true for purpose of the motion prevents the resolution of factual disputes that often underlie the immunity.

### III. Legal Argument

#### A. Defendant Jackson B. Keyes' Actions were Operational Level Functions

Operational level functions are those that implement policy and are not immune from liability. *Commercial Carrier Corp. v. Indian River County*, 371

3

So.2d 1010 (Fla.1979). Defendant Keyes' asserts that he was an on-duty Orange County Sheriff's Office Deputy who was parked near the entrance to Plaintiff Turner's neighborhood to establish a police presence in the aftermath of a fatal shooting. [Doc. 41, p. 7]. Defendant Keyes further argues that when he responded to Plaintiff Turner, he was performing discretionary duties typical of a law enforcement officer. [Doc. 41, pp. 7-8]. Whereas Defendant concludes that securing the scene was a discretionary function, this has been specifically rejected by the Third District Court of Appeal of Florida.

In *Dept. of Highway Safety & Motor Veh. V. Kropff*, 491 So.2d 1252, 1255 (Fla. 3d DCA 1986), the court determined that the trooper was performing a specific procedure for the protection of the public, and thus an operational function:

> The distinction between the discretionary decision of a police officer to not enforce a law or to not perform an activity for the protection of the public versus the operational level activity of a police officer in performing a specific public safety activity was explained in *Eder v. Department of Highway Safety and Motor Vehicles*, 463 So.2d 443 (Fla. 4th DCA), *review denied*, 475 So.2d 694 (Fla.1985). In *Eder*, the trooper observed a non-functioning traffic light at an intersection. He also noted that motorists were not treating the non-functioning light as a stop sign, as was required by statute. The trooper was faced with the decision of either directing traffic, issuing citations to motorists who failed to stop at the intersection, or continuing on patrol. He chose to issue citations and while he was doing so, an accident occurred at the intersection. The court held the state was immune from suit for the trooper's decision to issue citations. However, it said, "Had Trooper Chafey decided to direct traffic and done so in a negligent fashion, then an action for negligence would seem appropriate." *Eder v. Department of Highway Safety and Motor Vehicles*, 463 So.2d at 444.

*Kropff,* 491 So.2d at 1255.

In the instant case, Defendant Keyes' conduct related to performing specific public safety activities, securing a crime scene to protect the public and advising a member of the public that an area was clear and thus safe. These actions are operational functions, not discretionary. Sovereign immunity does not prevent suit.

### B. Defendant Jackson is not Entitled to Qualified Immunity on Counts I and II

To the extent, Defendant Jackson's functions were discretionary, he is not entitled to qualified immunity. "Qualified immunity protects from civil liability government officials who perform discretionary functions if the conduct of the officials does not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.' " *Nolin v. Isbell*, 207 F.3d 1253, 1255 (11th Cir.2000) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). To be entitled to qualified immunity, an official must first establish that his conduct was within the scope of his discretionary authority. *See Webster v. Beary*, 228 F. App'x 844, 848 (11th Cir.2007) (per curiam). If the official satisfies this threshold burden, the burden shifts to Plaintiffs to demonstrate that qualified immunity is not appropriate using the two prong test established by the Supreme Court in *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). The first inquiry is, taken in the light most favorable to the non-moving party, "do the facts alleged show the officer's conduct violated a constitutional right?" *Id.; see also Beshers v. Harrison*, 495 F.3d 1260, 1265 (11th

Cir.2007) (quoting *Scott v. Harris*, 550 U.S. 372, 377, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007)). If the Court finds a violation of a constitutional right has been alleged based on the Plaintiff's version of the facts, then the next question is whether the right was clearly established at the time of the violation. *Saucier*, 533 U.S. at 201; *Scott*, 550 U.S. at 377; *Lee v. Ferraro,* 284 F.3d 1188, 1200 (11th Cir. 2002). *See also, H & J Land Investments, Inc. v. City of Jacksonville*, ___ F.Supp.3d ___, *3-4 (M.D. Fla. 2014).

"[N]either § 1983 nor the Fourteenth Amendment confers an 'affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual.'" *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 196 (1989). Similarly, the Due Process Clause of the Fourteenth Amendment does not impose a constitutional duty upon a state to protect individuals from private violence. *See DeShaney*, 489 U.S. at 195–97. However, there are two exceptions to *DeShaney's* general rule that a state is not constitutionally obligated to protect individuals against private violence: (1) the special-relationship doctrine, and (2) the state-created or enhanced danger doctrine. *Niziol v. Pasco County Dist. School Bd.*, 240 F.Supp.2d 1194, 1204 (M.D. Fla. 2002). There is a third means of establishing a basis for a substantive due process deprivation when the conduct which "shocks the conscience" in a constitutional sense may be sufficient. *Collins v. City of Harker Heights*, 503 U.S. 115, 128 (1992). Plaintiffs do not seek to apply the first exception as it relates primarily to custodial

6

relationships, not present in the instant case. However, the second exception does apply.

In the state-created or enhanced danger doctrine, the doctrine necessarily involves affirmative conduct on the part of the state in placing the plaintiff in danger. *Graham v. Independent Sch. Dist. No. I–89*, 22 F.3d 991, 995 (10th Cir.1994). Inaction by the state actor in the face of a known danger is not enough to trigger a constitutional duty to protect. *See id.* In the instant case, Defendant Keyes engaged in affirmative conduct by advising Plaintiff Turner that the area was clear, thus safe. This placed Plaintiff Turner and her daughter in enhanced mortal danger. However, in *White v. Lemacks*, 183 F.3d 1253, 1257–59 (11th Cir.1999), the Eleventh Circuit concluded, however, that the "special relationship" and "special danger" doctrines were superceded by the standard employed by the Supreme Court in *Collins v. City of Harker Heights, TX.*, 503 U.S. 115 (1992). Thus, conduct by a government actor will rise to the level of a substantive due process violation only if the act can be characterized as arbitrary or conscience shocking in a constitutional sense. *See id.* at 1070. "[O]nly the most egregious official conduct can be said to be arbitrary in the constitutional sense." *County of Sacramento v. Lewis,* 523 U.S. 833 (1998). An official's deliberate indifference may establish a substantive due process violation. In this non-custodial setting, a substantive due process violation would, at the very least, require a showing of deliberate indifference to an extremely great risk of serious injury to someone in Plaintiffs' position. Here, Jackson Keyes misrepresented to Plaintiff Turner the true status

7

of whether the area was indeed safe. By giving completely opposite information, Defendant Keyes exhibited deliberate indifference by sending Plaintiff Turner and her minor daughter to their home unsuspecting that danger was at large while Defendant Keyes knew the area was not safe. To provide false information meant Defendant Keyes knew of and disregarded an extremely great risk to Plaintiff Turner and her daughter's safety. *See Waddell v. Hendry County Sheriff's Office*, 329 F.2d 1300, 1306 (11th Cir. 2003).

## IV. CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss the Amended Coompalint should be denied.

**WHEREFORE**, Plaintiffs, BRANDI TURNER, individually and as the Personal Representative for the Estate of T'Yonna Major (hereinafter "Brandi Turner"), and GARY LYONS as the Personal Representative for the Estate of Dylan Lyons (hereinafter, "Lyons"), respectfully request this Court to deny Defendant Jackson B. Keyes' Motion to Dismiss the Second Amended Complaint.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed this 10th day of November 2025, using the CM/ECF portal filing system which will send an electronic copy of the foregoing to all counsel of record.

Dated: November 10, 2025  /s/ *Richard W. Smith*
Richard W. Smith, Esq.
Florida Bar Number 0013943
DeLayne Penland, Esquire
Florida Bar Number: 1024836
Ryan J. Vescio, Esquire
Florida Bar Number: 14032

Mark E. NeJame, Esquire
Florida Bar Number: 310931
NEJAME LAW, P.A
111 N. Orange Ave., Ste. 1300
Orlando, FL 32801
PH: (407) 500-0000
F:   (407) 802-1448
delayne@nejamelaw.com
ryan@nejamelaw.com
mark@nejamelaw.com
richard@nejamelaw.com
PI@nejamelaw.com
*Attorney(s) for Plaintiffs*

**RESPECTFULLY** submitted this 10th day of November 10, 2025.

*/s/ Richard W. Smith*
**Mark E. NeJame, Esq.**
Florida Bar Number: 310931
**Ryan J. Vescio, Esq.**
Florida Bar No. 14032
**DeLayne Penland, Esq.**
Florida Bar Number: 1024836
**Richard W. Smith, Esq.**
Florida Bar No. 0013943
**NEJAME LAW, P.A**
111 N. Orange Avenue, Suite 1300
Orlando, FL 32801
PH: (407) 500-0000
F:   (407) 802-1448
mark@nejamelaw.com
ryan@nejamelaw.com
delayne@nejamelaw.com
richard@nejamelaw.com
PI@nejamelaw.com
*Attorney(s) for Plaintiffs*