UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRANDI TURNER, individually, and
As the Personal Representative for the
Estate of T'Yonna Major, and GARY
LYONS as the Personal Representative
For the Estate of Dylan Lyons,

    Plaintiffs,

                                      CASE NO: 6:25-cv-00252-PGB-NWH

vs.

JACKSON B. KEYES, an individual,
And JOHN MINA, in his official capacity
as Sheriff of Orange County,

    Defendants.
_____/

## PLAINTIFFS' UNOPPOSED MOTION TO ENLARGE EXPERT DISCLOSURE DEADLINES

COMES NOW Plaintiffs, BRANDI TURNER, individually, and as the personal representative for the estate of T'Yonna Major, and GARY LYONS as the personal representative for the estate of Dylan Lyons, by and through undersigned counsel and pursuant to Rule 16(b)(4) of the Federal Rules of Civil Produce, and file this Motion to Enlarge the Expert Disclosure Deadlines, and state:

1. This case involved an incident which occurred on February 22, 2023 involving the Plaintiffs and deputies with the Orange County Sheriff's Office.

2. The Case Management and Scheduling Order set an expert disclosure

deadline of February 2, 2026. The discovery deadline is April 6, 2026, the dispositive motion deadline is May 4, 2026, and a trial term beginning October 5, 2026. [Doc. 18.]

    3.    Plaintiffs timely disclosed treating provider experts.

    4.    At the time of the disclosure deadline, Plaintiffs reasonably believed the expert's involvement might not be necessary. Only after further case development and confirmation from the expert did it become clear that expert testimony would materially assist in presenting the issues. Plaintiffs acted diligently upon learning this information and promptly seek relief.

    5.    Plaintiffs did not intentionally delay disclosure.

    6.    It is respectfully submitted that good cause exists to extend the expert disclosure deadlines as follows:

    Plaintiff Expert Disclosure:    March 6, 2026

    Defendant Expert Disclosure:    March 27, 2026

    7.    This motion is made in good faith and not for purposes of delay and should not impact any other deadlines. The proposed dates will not affect the discovery deadline, dispositive motion deadline, nor the anticipated trial period.

    WHEREFORE, Plaintiffs respectfully request that the expert disclosure deadlines be enlarged as outlined above.

## MEMORANDUM OF LAW

Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that a "schedule may be modified only for good cause and with the judge's consent." "When a party seeks an extension of a deadline contained in a scheduling order entered by the Court pursuant to Fed. R. Civ. P. 16(b), it must demonstrate good cause for the extension requested." *Armitage v. Dolphin Plumbing & Mech., LLC*, 2006 WL 1679360, at *1 (M.D. Fla. June 19, 2006). "Put simply, the good cause requirement contained in Rule 16(b) precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Id.* (citation and punctuation omitted).

Here, Plaintiffs made an initial expert disclosure of treating providers. However, after further evaluation and discussion with the proposed expert, Plaintiffs believe that an expert opinion is necessary to present to the jury.

It is respectfully submitted that good cause exists to enlarge the expert disclosure deadlines.

## CERTIFICATE OF CONFERRAL – Local Rule 3.01(g)

Counsel for Plaintiffs conferred with counsel for Defendants via electronic mail on February 24, 2026. Defense counsel has expressed no objection to the requested relief with Plaintiffs' assurance that the proposed expert will not offer any opinions related to race discrimination or equal protection.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 25th day of February 2026, a true and correct copy of the foregoing was furnished via electronic mail to: Brian F. Moes, Esquire, moes@debevoisepoulton.com, G. Ryan Dietrich, Esquire, dietrich@debevoisepoulton.com, DeBEVOISE & POULTON, P.A. 1035 S. Semoran Boulevard, Suite 1010 Winter Park, Florida 32792.

                                              */s/ DeLayne D. Penland*_____
**Ryan J. Vescio, Esq.**
Florida Bar Number: 14032
**Mark E. NeJame, Esq.**
Florida Bar Number: 310931
**DeLayne D. Penland, Esq.**
Florida Bar Number: 1024836
**NEJAME LAW, P.A**
111 N. Orange Avenue, Suite 1300
Orlando, FL 32801
PH: (407) 500-0000
F: (407) 802-1448
mark@nejamelaw.com
ryan@nejamelaw.com
delayne@nejamelaw.com
PI@nejamelaw.com
*Attorney(s) for Plaintiffs*