UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:25-cv-00252-PGB-NWH

BRANDI TURNER, individually, and
as the Personal Representative for the
Estate of T'Yonna Major, and GARY
LYONS as the Personal Representative
for the Estate of Dylan Lyons

       Plaintiffs,

vs.

JACKSON B. KEYES, an individual,
and JOHN MINA, in his official capacity
as Sheriff of Orange County,

       Defendants.

_____/

### DEFENDANT JOHN MINA AND JACKSON B. KEYES' MOTION TO EXCLUDE EXPERT TESTIMONY OF JERÓNIMO RODRÍGUEZ

Defendants John Mina, in his official capacity as Sheriff of Orange County,

Florida and Jackson B. Keyes, individually, by and through undersigned attorneys

and pursuant to Fed. R. Evid. 702 and the Case Management and Scheduling Order

(Doc. 18), move to exclude certain testimony of Plaintiffs' police practices expert,

Jerónimo Rodríguez.

## I.      INTRODUCTION

This is a civil action pursuant to 42 U.S.C. § 1983 for alleged Fourteenth Amendment due process violations by Orange County Sheriff's Office (**OCSO**) Sergeant Jackson Keyes (**Sgt. Keyes**) and negligence under Florida law on the part of Sgt. Keyes and the OCSO in connection with a homicide investigation conducted on February 22, 2023.[1] On March 6, 2026, Plaintiffs disclosed Plaintiffs' police practices expert, Jerónimo Rodríguez (**Rodríguez**) (Ex. 1, Rodríguez Expert Report)

## II.   LEGAL STANDARD FOR EXCLUDING EXPERT TESTIMONY

District courts enjoy 'considerable leeway' in making evidentiary decisions. *United States v. Frazier*, 387 F.3d 1244, 1258 (11th Cir. 2004) (en banc ). "The proponent of the expert testimony carries a substantial burden under Rule 702." *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County*, 402 F.3d 1092, 1107 (11th Cir. 2005) "The burden of laying the proper foundation for the admission of the expert testimony is on the party offering the expert, and admissibility must be shown by a preponderance of the evidence." *Id.* (citing *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1306 (11th Cir.1999) (citing *Daubert*, 509 U.S. at 592 n. 10). "[T]he proponent must demonstrate that the witness is qualified to testify competently, that his opinions are based on sound methodology, and that his testimony will be helpful to the trier of fact. *Id.* (citations omitted). District courts

---

[1]See Defendants' Motion for Summary Judgment filed contemporaneously with this Motion for a statement of material facts.

2

have a duty to act as gatekeepers who admit only such evidence as is sufficiently reliable and relevant. *Daubert*, 509 U.S. at 589.

### III.    SPECIFIC TESTIMONY TO BE EXCLUDED

1.  ***Sgt. Keyes and other OCSO deputies made no effort to locate and apprehend a third individual identified by Calvin Collins who was in the vehicle at the time of the shooting (Ex. 1 at 15:373-377, 16:424-426)***

Rodríguez's methodology used to arrive at this opinion is unreliable. Fed. R. Evid. 702(b) permits a qualified expert to testify provided "the testimony is based on sufficient facts or data." However, "testimony must be supported on "good grounds" based on what is known, and the use of the wrong underlying factual predicate to form [an] opinion means that it is not based on good grounds." *Guasto v. City of Miami Beach*, 22-21004, 2024 WL 6887144, *4 (Sept. 3, 2024). Rodríguez's testimony is directly contradicted by Sgt. Keyes' undisputed testimony that by 11:47 am, approximately 30 minutes after deputies first arrived on scene, Calvin Collins had been questioned and provided a physical description of a third occupant of the vehicle. Sgt Keyes testified that he "directed deputies to start going door to door on the street looking for any witnesses that could provide a last location for such a subject or any kind of surveillance video from a surveillance camera to try to identify a place where that subject might have been to allow K9 to perform the track." (Ex. 2, Keyes Depo Transcript, at 48:23 – 50:01). Thus, because  the facts of this case directly contradict Rodríguez's opinion, it should be excluded. See *Guasto*,

2024 WL 6887144, *5 ("a court is correctly exercising its discretion by excluding expert evidence … that is too attenuated to the facts at issue in the case because the expert simply lacked sufficient information.") (citing *Hughes v. Kia Motors Corp.*, 766 F.3d 1317, 1330 (11th Cir. 2014)); *Cook ex rel*, 402 F.3d at 1111 (affirming district court's exclusion of expert testimony that was "unsubstantiated by any factual basis").

### 2. Sgt. Keyes made a tactical error by dismissing the K9 unit's capabilities and failing to allow the deputy and her K9 to track the suspect (Ex. 1 at 15:381-383)

Rodríguez is not qualified to offer this opinion and his methodology used to arrive at this opinion is unreliable. Rodríguez testified: "I'm not an expert on [K9s]." (Ex. 3, Rodrigues Depo Transcript, at 70:11). He testified that he has never worked as a K9 handler. He has never received any special training in the handling of K9s. Rodríguez contends that his qualification to offer this opinion comes from the fact that, as a police officer, he called K9 units in a variety of situations to determine whether a track could be attempted.  Ex. 3 at 68:19 – 70:15). But Rodríguez's experience in summoning K9s to crime scenes does not qualify him to determine whether a K9 track is possible once the unit arrives. Thus, Rodríguez is not qualified to opine on the tracking capabilities of the OCSO K9 units.

Further, Rodríguez's methodology is flawed because it is based on incorrect and insufficient information. Sgt. Keyes, as a scene supervisor, was permitted to request

4

a K9 unit, but he had no authority to demand one. Nor did he have the authority to dictate when to start a search, where to search, why to search, or when to conclude a search. (Ex. 2 at 40:25 – 41:07). Additionally, the record shows that K9 Deputy Rene Davila, not Sgt. Keyes, made the determination that the vehicle, the only known possible starting point for a track, was scent contaminated. (Ex. 3 at 70:16 – 71:09). Accordingly, the record shows that Sgt. Keyes did not have the authority to demand or prevent Deputy Davila from attempting a track, and K9 Deputy Davila was the one who decided not to attempt a track due to scent contamination.

Additionally, to the extent that Rodríguez is criticizing K9 Deputy Davila's determination that the vehicle was scent contaminated, Rodriguez's lack of qualifications becomes apparent. When asked why he thought the judgment of K9 Deputy Davila was flawed, he could offer no rational basis for his criticism. He understandably admits he has no idea whether a track would have been successful and instead makes an emotional appeal by drawing attention to the tragic events of this case. (Ex. 3 at 72:23 – 73:17). "[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

> **3. Opinions based on the <u>inaccurate</u> fact that the Orange County Sheriff's Office knew that the third person in the vehicle was the shooter and remained armed, dangerous, and at large in the neighborhood. (Ex. 1 at 15:405-408)**

5

Rodríguez incorrectly assumes that the OCSO knew that there was an armed and dangerous murderer at large in the neighborhood. For example, Rodríguez opines:

> Experience has shown that when law enforcement learns of a violent suspect who has already murdered someone and is still armed and at large in a neighborhood, efforts must be made to apprehend the suspect and alert the community about the ongoing threat

(Ex. 1 at 15). Calvin Collins, the only witness to the shooting of Natacha Augustin, never implicated the third person in the vehicle identified as Keith, in the shooting. Calvin Collins told OCSO deputies that (1) he never saw Keith with a gun, (2) he did not see who shot Natacha Augustine, (3) he did not know where the shot came from, and (4) he saw Keith jump out of the vehicle but did not see where he went.[2] Given Collins' statements, Keith could fairly be considered a witness, or person of interest, or a suspect. But Rodríguez engages in improper speculation when he offers opinions premised on the erroneous fact that the OCSO knew Keith was an armed murderer at large in the neighborhood.

### 4. Any suggestion that Sgt. Keyes lied to Turner (Ex. 1 at 16:451-453)

Rodríguez opines that Sgt. Keyes, "instead of being truthful with [Turner] and warning her about the armed murder suspect in her neighborhood, Deputy Keyes falsely claimed that everything was under control." Rodríguez is not permitted to

---

[2]See Defendants' motion for summary judgment and exhibits thereto for a complete record of what Calvin Collins told deputies at the scene.

offer experts opinions about Sgt. Keyes' credibility. *See United States v. Beasley*, 72 F.3d 1518, 1528 (11th Cir. 1996) (stating that the Eleventh Circuit has made clear that "[e]xpert ... testimony concerning the truthfulness or credibility of a witness is generally inadmissible because it invades the jury's province to make credibility determinations.").

### 5. *Speculation about would have happened if Turner would have received a "proper warning" (Ex. 1 at 17:454-456)*

Rodríguez opines that "some of the deaths that followed Ms. Augustine's death may have been prevented" if Turner and her neighbors would have received a proper warning. Rodríguez's expertise is in police practices not prognostication. *See Jones v. Otis Elevator Co.*, 861 F.2d 655, 662 (11th Cir. 1988) ("It is true that relevant testimony from a qualified expert is admissible only if the expert knows of facts which enable him to express a reasonably accurate conclusion as opposed to conjecture or speculation.")

## CONCLUSION

For the foregoing reasons, Defendants request that the Court exclude the testimony of Plaintiffs' police practices expert, Jerónimo Rodríguez identified in this Motion.

## LOCAL RULE 3.01(g) CERTIFICATE

I certify that on May 4, 2026, an attorney from my office had a telephone conversation with Plaintiffs' counsel wherein the relief identified in this motion was

7

discussed. Plaintiffs' counsel advised that he is opposed to the relief sought but stated that he will review Defendants' arguments and legal authority and is open to revising his opposition and will respond accordingly.

/s/ Brian F. Moes
Brian F. Moes, Esquire

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 4, 2026, I electronically served the foregoing via email to the following: DeLayne D. Penland, Esq., (delayne@nejamelaw.com), Mark E. NeJame, Esq., (mark@nejamelaw.com), Ryan J. Vescio, Esq., (ryan@nejamelaw.com), and Richard W. Smith, (richard@nejamelaw.com), pi@nejamelaw.com, NeJame Law, P.A., 111 North Orange Avenue, Suite 1300, Orlando, Florida 32801.

/s/ Brian F. Moes
Brian F. Moes, Esquire
Florida Bar No. 39403
G. Ryan Dietrich, Esquire
Florida Bar No. 1007940
Counsel for Defendants
DeBevoise & Poulton, P.A.
1035 S. Semoran Blvd., Suite 1010
Winter Park, FL 32792
Telephone:  407-673-5000
Facsimile:   321-203-4304
Email:
Moes@DeBevoisePoulton.com
Dietrich@DeBevoisePoulton.com
Paralegal@DeBevoisePoulton.com

8