**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BRANDI TURNER and GARY LYONS,**

        **Plaintiffs,**

**v.**                                **Case No 6:25-cv-00252-PGB-NWH**

**JOHN MINA and JACKSON B KEYES,**

        **Defendants.**

                                    /

## <u>ORDER</u>

This cause comes before the Court on Defendants John Mina and Jackson B. Keyes' (collectively, the "**Defendants**") Motion for Summary Judgment. (Doc. 56 (the "**Motion**")). Upon consideration, the Motion is due to be stricken.

The Case Management and Scheduling Order ("**CMSO**") requires the following:

> Fourteen (14) days before a party files a motion for summary judgment, counsel for all parties affected by the motion shall meet and confer to create a Stipulation of Agreed Material Facts [(the "**Stipulation**")] which will be deemed admitted for the purpose of the motion. The Stipulation shall be filed with the Court. A motion for summary judgment shall specify the stipulated material facts pertinent to the resolution of the motion, and shall be accompanied by a memorandum of law, affidavits and other evidence in the form required by Federal Rule of Civil Procedure 56. The motion for summary judgment and supporting memorandum of law shall be presented in a single document of not more than twenty-five (25) pages. Local Rule 3.01(a). Each party opposing a motion for summary judgment shall file and serve, within **twenty-one (21) days** after being served with such motion, a legal

memorandum with citation to authorities in opposition to the relief requested of not more than **twenty (20) pages**. *Id.* The memorandum in opposition shall specify the stipulated material facts pertinent to the resolution of the motion, and shall be accompanied by affidavit(s) and other evidence in the form required by Federal Rule of Civil Procedure 56. Both the movant and the party opposing summary judgment shall provide pinpoint citations to the pages and lines of the record supporting each material fact. General references to a deposition are inadequate. The Court will accept a ten (10) page reply without leave of Court. The reply shall be limited to addressing issues raised by the opposing party that have not already been addressed in the motion. The reply shall be filed within **fourteen (14) days** after the response is served.

(Doc. 18, p. 8). Here, however, Defendants have failed to file the required Stipulation and comply with related CMSO guidelines. Specifically, Defendants have failed to confer with Plaintiffs and present the Court with a Stipulation of Agreed Material Facts. Instead, embedded within the Motion, Defendants unilaterally set forth a "statement of material undisputed facts." (Doc. 56, pp. 2–10). As the CMSO makes clear, the Stipulation of Agreed Material Facts must be a separately filed document that is the product of a meeting and conferral between the parties. (Doc. 18, p. 8).

In an effort to guide the parties, the Court notes that the Stipulation of Agreed Material Facts is designed to encompass *all* facts material to the motion for summary judgment for which there is no disagreement. The purpose of the Stipulation is to narrow the focus of the parties and the Court for the purpose of resolving the subject motion. Stipulations of Agreed Material Facts often include matters such as the dates of key events in the case and the locations where such

events occurred, but the stipulated facts vary depending on the arguments contained within the subject motion.

Accordingly, the Motion (Doc. 56) is hereby **STRICKEN**. The Court **DIRECTS** the parties to meet and confer in a good faith effort to create a Stipulation of Agreed Material Facts in compliance with the CMSO on or before **May 19, 2026**. Upon compliance with the requirements set forth in the CMSO, Defendants may then re-file a motion for summary judgment that complies with all applicable rules and law on or before **June 2, 2026**.[1] If filed, Plaintiffs and Defendants may respond and reply, respectively, according to the schedule prescribed by Local Rule 3.01 and the CMSO.

**DONE AND ORDERED** in Orlando, Florida on May 5, 2026.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] The Court notes that Defendants timely filed their Motion by the deadline provided in the CMSO. (*See* Doc. 18, p. 2 (specifying that dispositive motions are due on May 4, 2026); *see also* Doc. 56). Plaintiffs, however, never filed a dispositive motion. Thus, only Defendants are permitted to file a motion for summary judgment on or before June 2, 2026. If Plaintiffs wish to file a motion for summary judgment, they must first seek leave from the Court.