UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:25-cv-00252-PGB-NWH

BRANDI TURNER, individually, and
as the Personal Representative for the
Estate of T'Yonna Major, and GARY
LYONS as the Personal Representative
for the Estate of Dylan Lyons

       Plaintiffs,

vs.

JACKSON B. KEYES, an individual,
and JOHN MINA, in his official capacity
as Sheriff of Orange County,

       Defendants.

_____/

## DEFENDANTS JOHN MINA AND JACKSON B. KEYES' SUMMARY JUDGMENT REPLY

Defendants John Mina, in his official capacity as Sheriff of Orange County,

Florida, and Jackson B. Keyes, individually, through undersigned attorneys reply to

Plaintiffs' Response (Doc. 65) to Defendants' Motion for Summary Judgment (Doc.

63).

### I.    PLAINTIFFS CITE TO INCOMPETENT SUMMARY JUDGMENT EVIDENCE

Federal Rule of Civil Procedure 56(c)(2) provides: "A party may object that the

material cited to support or dispute a fact cannot be presented in a form that would

be admissible in evidence." In this case, Plaintiffs rely on their police practices expert to support their assertion that "Defendant Keyes and other responding deputies were aware that … the armed perpetrator remained at large." (Doc. 65 at 2). However, Plaintiff's expert is not competent to testify on what Keyes or any other deputy knew. *See Kelley v. C.R. Bard, Inc.*, 644 F.Supp.3d 1316, 1343 (N.D. Ga. 2022) (Speculative state of mind statements are not admissible as expert testimony because they are "legal conclusions as to another person's state of mind" and thus are not of the type of evidence that a jury "need[s] the assistance of an expert to understand.") (citing *Omar v. Babcock*, 177 F. App'x 59, 63 n.6 (11th Cir. 2006)). Moreover, the expert's opinion on this point is inconsistent with the agreed material facts showing that the investigation was just getting started, Collins had provided law enforcement with limited information about the shooting, and the identity of the shooter had yet to be determined.

## II.   PLAINTIFFS HAVE FAILED TO RAISE A GENUINE DISPUTE OF MATERIAL FACT AS TO THE SUBSTANTIVE DUE PROCESS CLAIM

Plaintiffs argue that *DeShaney* is not controlling here because that case "addressed only passive inaction by law enforcement." (Doc. 65 at 5). Whereas in this case, Plaintiffs contend that Keyes "engaged in affirmative conduct by advising Plaintiff Turner that the area was clear, thus safe. This placed Plaintiff Turner and

2

her daughter in enhanced mortal danger." (*Id.* at 8).[1] It is this "affirmative conduct" on the part of Keyes that Plaintiffs contend implicates the "state-created or enhanced danger doctrine" (*Id.* at 7). However, Plaintiffs rely on the 10th Circuit case of *Graham v. Independent Sch. Dist. No. I–89*, 22 F.3d 991, 995 (10th Cir.1994) and as the Defendants have already pointed out: In the Eleventh Circuit, "[t]he "special danger" doctrine … has been supplanted …." *White v. Lemacks*, 183 F.3d 1253, 1258 (11th Cir. 1999). Under *Collins v. City of Harker Heights*, 503 U.S. 115 (1992), "government officials violate the substantive due process rights of a person not in custody only by conduct "that can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense." *Collins*, 503 U.S. at 128; *Waddell v. Hendry Cnty. Sheriff's Off.*, 329 F.3d 1300, 1305 (11th Cir. 2003). Acts "intended to injure in some way" that are "unjustifiable by any government interest" are "most likely to rise to the conscience-shocking level." *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998). However, even "[c]onduct by a government actor that would amount to an intentional tort" will "rise to the level of a substantive due process

---

[1]Plaintiffs reliance on *Dept. of Highway Safety & Motor Veh. V. Kropff*, 491 So.2d 1252, 1255 (Fla. 3d DCA 1986) is misplaced. *Kropff* concerned claims of negligence under Florida law. However, negligence is insufficient as a matter of law to make out a constitutional due process claim. *Waddell v. Hendry Cnty. Sheriff's Off.*, 329 F.3d 1300, 1305 (11th Cir. 2003); *Neal v. Fulton County Bd. of Educ.*, 229 F.3d 1069, 1074 (11th Cir.2000) ("the Fourteenth Amendment is not a 'font of tort law' that can be used, through section 1983, to convert state tort claims into federal causes of action.").

violation" only if it also "shocks the conscience" or affects rights guaranteed "by the [C]onstitution itself." *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1048 (11th Cir. 2002).[2]

In this case, Plaintiffs attempt to meet the "shocks the conscience" standard by referring to Keyes statement as "false information" asserting that Keyes _knew_ "that an armed homicide suspect remained at large in her immediate vicinity." (Doc. 65 at 8). However, Plaintiffs cite to a portion of the record (Keyes Dep. 41:10–22) that does not support their assertion, and the undisputed factual record shows definitively that, at the time he spoke to Turner, Keyes lacked sufficient information from which it could reasonably be inferred that he _knew_ that an armed homicide suspect remained at large in the immediate vicinity.

Plaintiff's expert's opinion that Keyes "deviat[ed] from accepted law enforcement practices" (Doc. 65 at 9), is insufficient to raise a genuine dispute as to whether Keyes violated Plaintiffs' substantive due process rights. *See County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) ("liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process.").

---

[2]Plaintiffs claim the Eleventh Circuit explained in *Davis v. Carter*, 555 F.3d 979, 982–83 (11th Cir. 2009) "that deliberate indifference in the face of a known, life-threatening condition can satisfy the standard." 555 F.3d 979, 982–83 (11th Cir. 2009). However, *Davis* reiterated the Eleventh Circuit in *Nix v. Franklin County School District*, 311 F.3d 1373 (11th Cir.2002) was "explicit in stating that 'deliberate indifference' is insufficient to constitute a due-process violation in a non-custodial setting.").

Plaintiffs attempt to hold Keyes responsible for the decisions of others on matters over which he had no authority to control. Plaintiffs seek to blame Keyes for not deploying an aerial unit or a K9 unit or warning the public of the ongoing danger (Doc. 65 at 10), but Plaintiffs have not shown that Keyes had the authority to demand the deployment of an aerial unit, and Defendants have shown that Keyes was not responsible for deciding whether to deploy a K9 unit. And in any event, these allegations all sound in negligence with is "categorically beneath the threshold of constitutional due process." *Lewis*, 523 U.S. at 849.

### III. PLAINTIFFS HAVE NOT POINTED TO ANY CASE LAW CLEARLY ESTABLISHING THE UNCONSTITUTIONALITY OF KEYES' ACTIONS

Plaintiffs' passing reference to and apparent reliance on *Vaughan v. Cox*, 343 F.3d 1323,1333 (11th Cir. 2003) is misplaced. *Vaughan* involved the discharge of a firearm during a vehicle pursuit. The Eleventh Circuit determined that, because the officer did not have time to deliberate, the plaintiff was required to "show that the officer had 'a purpose to cause harm unrelated to the legitimate object of arrest.'" *Vaughan*, 343 F.3d at 1333. The court determine that the plaintiff did not present any evidence that the officer was "motivated by anything but the desire to arrest Vaughan" and affirmed the grant of summary judgment to all defendants on the substantive due process claim. *Id.* Accordingly, *Vaughan* could not have clearly established anything for the purposes of this case.

## IV.    PLAINTIFFS HAVE FAILED TO RAISE A GENUINE DISPUTE OF MATERIAL FACT AS TO THE STATE LAW CLAIMS

Plaintiffs Response makes clear that their claims of negligence concern classic law enforcement and public safety matters, specifically, (1) how to conduct criminal investigations, (2) how to conduct searches for criminal suspect, (3) how to utilize police resources, and (4) how to inform the public of ongoing criminal investigations. Under Florida law, these are category II activities within the *Trianon* rubric. There is no governmental tort liability for the discretionary functions described in category II. *Dep't of Health & Rehab. Servs. v. B.J.M.*, 656 So. 2d 906, 911 (Fla. 1995).

Plaintiffs' reliance on *Kaisner v. Kolb*, 543 So. 2d 732 (Fla. 1989) is misplaced. In *Kaisner*, the duty came about because police officers detained the plaintiff on the side of road. No such detentions are present in this case.

Plaintiffs cannot rely on their expert to create a genuine issue of material fact as to causation. Plaintiff's expert opined that "[h]ad proper warning been given… some of the deaths… may have been prevented" (Doc. 65 at 19). This is mere speculation. Plaintiff's expert could not possibly know what would have happened or how many death would have been prevented if a "proper warning" was given. "Speculation does not create a genuine issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment." *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005)

6

## V.   CONCLUSION

For the foregoing reasons, Defendants request that the Court grant summary judgment on all Counts in the Second Amended Complaint.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 7, 2026, I electronically served the foregoing via email to the following: DeLayne D. Penland, Esq., (delayne@nejamelaw.com), Mark E. NeJame, Esq., (mark@nejamelaw.com), Ryan J. Vescio, Esq., (ryan@nejamelaw.com), and Richard W. Smith, (richard@nejamelaw.com), pi@nejamelaw.com, NeJame Law, P.A., 111 North Orange Avenue, Suite 1300, Orlando, Florida 32801.

/s/ Brian F. Moes
Brian F. Moes, Esquire
Florida Bar No. 39403
G. Ryan Dietrich, Esquire
Florida Bar No. 1007940
Counsel for Defendants
DeBevoise & Poulton, P.A.
1035 S. Semoran Blvd., Suite 1010
Winter Park, FL 32792
Telephone:   407-673-5000
Facsimile:    321-203-4304
Email:
Moes@DeBevoisePoulton.com
Dietrich@DeBevoisePoulton.com
Paralegal@DeBevoisePoulton.com